IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00406-CV

 

Lezley Farmer, Unity Dance 

Company LLC, Bill Bratcher & 

Donna Bratcher,

                                                                                    Appellants

 v.

 

Jennifer Holley,

                                                                                    Appellee

 

 



From the 74th District Court

McLennan County, Texas

Trial Court No. 2005-2453-3

 



Opinion










 

            Lezley Farmer sold her dance studio to
Jennifer Holley.  Later, Lezley went to work for Bill and Donna Bratcher at
Unity Dance Company which competed with Holley’s dance studio.  Holley sued
Lezley, the Bratchers and Unity Dance (collectively referred to as Farmer) to
enforce a covenant not to compete.  The trial court granted Holley’s motion for
summary judgment, and Farmer appealed.  Because section 5.04 of the Sale and Purchase Agreement was a covenant not to compete, but because the court erred in
delaying the start of the covenant not to compete, the trial court’s judgment
is affirmed as modified.

Summary Judgment

            In a traditional summary judgment
motion, "[t]he judgment sought shall be rendered forthwith if" the
summary judgment evidence "show[s] that . . . there is no genuine issue as
to any material fact and the moving party is entitled to judgment as a matter
of law . . . ." Tex. R. Civ. P.
166a(c); see Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).  We review a summary judgment de novo, taking as true all evidence favorable to
the nonmovant and indulging every reasonable inference and resolve any doubts
in the nonmovant's favor.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  

            Farmer argues that the trial court
erred in granting a summary judgment in favor of Holley.  Specifically, Farmer
argues that there was no covenant not to compete; instead, the provision relied
on by Holley was a condition precedent that Holley waived.  We disagree.

            A condition precedent is an event that
must happen or be performed before a right can accrue to enforce an
obligation.  Centex Corp. v. Dalton, 840 S.W.2d 952, 956 (Tex. 1992).         The failure to perform a condition precedent may be waived by the
failure to insist on performance.  Kennedy v. McMullen, 39 S.W.2d 168,
174 (Tex. App.—Beaumont 1931, writ ref’d).  The paragraph in controversy,
section 5.04, is listed under Article 5 of the Sale and Purchase Agreement, the
article for conditions.  In the first paragraph under Article 5, the obligation
of the purchaser, Holley, to close under the agreement was “subject to” five
separate “conditions.”  Section 5.04 then provides:  

Seller shall execute and deliver to Purchaser a
confidentiality and non-competition agreement prohibiting Seller from competing
against the Business and Purchaser for a period of 5 years within a 50 mile
radius of Waco, Texas.

 

            While section 5.04 may be an event
that would have to happen before Farmer could enforce Holley’s obligation to
close on the sale, it is not “waived” as Farmer uses the term.  What would be
waived is Holley’s ability to not close on the sale.  But a waiver assumes
there was no covenant not to compete.  Holley argues that section 5.04, itself,
is a covenant not to compete.  Farmer does not address this particular
argument.  

            A covenant is a formal agreement or
promise which is usually in a contract.  Black’s
Law Dictionary 369 (7th ed. 1999).  To be legally binding, a covenant
not to compete must (1) be ancillary to or part of an otherwise enforceable
agreement at the time the agreement is made and (2) contain limitations as to
time, geographical area, and scope of activity to be restrained that are
reasonable and do not impose a greater restraint than is necessary to protect
the goodwill or other business interest of the promisee.  Tex. Bus. & Com. Code Ann.
§15.50(a) (Vernon 2002); Light v. Centel Cellular Co., 883 S.W.2d 642,
644 (Tex. 1994).  

            Section 5.04 was contained within the Sale and Purchase Agreement of the assets of Studio 84, and Farmer does not dispute that
the Agreement was enforceable.  The section also provides for the limitations
as to time, five years; geographical area, within a 50 mile radius of Waco,
Texas; and scope of activity to be restrained, competing against the business,
Studio 84[1], and
purchaser, Jennifer Holley.  Again, Farmer does not dispute that the
limitations are reasonable and do not impose a greater restraint than is
necessary.  That there was no separate document containing the covenant is of no
consequence.  Lezley Farmer acknowledged that she thought the agreement she
signed adequately and satisfactorily evidenced what she had agreed to and was
all that she needed to sign and deliver to Holley.  Section 5.04, itself, was a
covenant not to compete.

            Because we have determined that
section 5.04 was a covenant not to compete, we need not determine whether the
Teacher Contract, subsequently entered into between Holley and Lezley,
individually, was a covenant not to compete.  Farmer’s first issue is
overruled.

Equitable Extension of
Covenant Not To Compete

            Farmer next contends the trial court
erred in determining the ending date of the covenant not to compete to be five
years from the date of judgment, November 13, 2011, rather than five years from
the date of the agreement, February 27, 2009.  Farmer provides us with no
authority to support its position that the trial court erred.  Holley makes a
general argument for equity, but like Farmer, she provides us with no authority
to support the trial court’s decision to start the duration of the covenant
from the date of the judgment rather than the date the contract was signed.  

            Holley’s equity argument is that it
would be “patently unfair” for Farmer to receive credit for the time period
during which violations of the covenant not to compete were “continuous and
persistent.”  She makes no other argument for an equitable remedy.  See e.g.
Guy Carpenter & Co. v. Provenzale, 334 F.3d 459, 464 (5th Cir. 2003)
(equitable extension of injunction beyond the expiration of the
non-solicitation covenant because of litigation delay); Premier Indus. Corp.
v. Tex. Indus. Fastener Co., 450 F.2d 444, 448 (5th Cir. 1971) (equitable
extension due to expiration of relief within a few months); RenewData Corp.
v. Strickler, No. 03-05-00273-CV, 2006 Tex. App. LEXIS 1689, *15 (Tex.
App.—Austin March 3, 2006, no pet.) (publish) (no abuse of discretion in
refusing equitable extension of covenant not to compete when delays not
attributed to litigation but to appellant).

            The Sale and Purchase Agreement was
signed on February 27, 2004.  Lezley did not begin working for Unity Dance and
the Bratchers until July 11, 2005.  On August 31, 2005, the trial court
temporarily enjoined Lezley from either directly or indirectly soliciting or
encouraging any current and/or potential students of Holley’s dance studio,
Jenni Holley Dance Designs, to become either her student or the student of any
other dance company or teacher within 50 miles of Holley’s dance studio.  She
was not specifically enjoined from teaching dance.  Unity Dance and Bill and
Donna Bratcher were enjoined from either directly or indirectly using Lezley’s
name in their advertising.  They were also enjoined from soliciting or
encouraging by direct contact any persons known by them to be current customers
of Holley’s dance studio as long as Lezley was working at Unity Dance.  There
is no indication in the record that Lezley, Unity Dance, or the Bratchers
violated this temporary injunction.  

            The trial court granted Holley’s motion
for summary judgment in September of 2006 and after Farmer waived her claim for
money damages and attorneys fees, signed a final judgment in November,
permanently enjoining Lezley from continuing her employment with Unity Dance,
or as a dance instructor anywhere, within 50 miles of Waco, until February 27,
2009.  A month later, Holley filed a motion to enforce the judgment, alleging
that Lezley, Unity Dance, and the Bratchers were not complying with the
judgment.  

            We do not hold that a covenant not to
compete cannot be equitably extended, but hold that the record does not support
Holley’s argument that the violations of the covenant, if any, were “continuous
and persistent.”  Thus the trial court erred in equitably delaying the start of
the covenant not to compete until the date of the judgment rather than the date
of the agreement.  Farmer’s second issue is sustained, and the amended judgment
is reformed to be effective until February 27, 2009.     

            The trial court’s judgment is affirmed
as modified.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Justice
Vance concurs in the modified judgment)

Affirmed
as modified

Opinion
delivered and filed August 29, 2007

[CV06]









[1]
Holley changed the name of the business to Jenni Holley Dance Designs.